The School District of the City of Duquesne, Appellant *v.* Duquesne Education Association, Grievance of Richard P. Moran, Appellee.

Argued February 2, 1976, before President Judge BOWMAN and Judges KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. Judge CRUMLISH, JR. did not participate.

*Norman M. Bartko,* for appellant.

*John R. DeAngelis,* for appellee.

OPINION BY JUDGE BLATT, June 18, 1976:

The School District of the City of Duquesne (District) entered into a collective bargaining agreement with the Duquesne Education Association (Association) effective from July 1, 1974 until June 30, 1976 pursuant to the Public Employe Relations Act.[1]  A

---

[1] Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101-101 et seq.

grievance was filed by Richard P. Moran, a teacher represented by the Association, and the grievance was submitted to arbitration. The arbitrator's award was in favor of the grievant and the District has now appealed to this Court pursuant to Pa. R.J.A. No. 2101.

Mr. Moran had applied in May, 1974 for the position of assistant basketball coach and, on or about July 8, 1974, his application was denied by the school board and another applicant was appointed. He filed a grievance on December 11, 1974 alleging that he should have received the appointment pursuant to Article VIII, Subsection D of the collective bargaining agreement[2] between the Association and the District, and the arbitrator sustained the grievance on this basis.

It is clear that Pa. R.J.A. No. 2101 provides this Court with subject matter jurisdiction over an appeal from an arbitrator's award made pursuant to a collective bargaining agreement. *Community College of Beaver County v. Community College of Beaver County, Society of the Faculty (PSEA/NEA)*, 17 Pa. Commonwealth Ct. 231, 331 A.2d 921 (1975). An arbitrator's award must draw its "essence" from the collective bargaining agreement and only when there is a manifest disregard of the agreement may the reviewing court disturb the award. *County of Franklin v. American Federation of State, County and Municipal Employees*, 21 Pa. Commonwealth Ct. 379, 346 A.2d 845 (1975).

---

[2] This section provides, in pertinent part, that "[a]ll qualifications being equal, preference in making . . . assignments will be given to teachers . . . according to seniority." It is understood that Mr. Moran had seniority over the appointee, although it is not clear that their other qualifications were equal. The arbitrator believed that the qualifications of the individuals were substantially similar and that, therefore, the applicant with seniority (Mr. Moran) should have been selected. Our decision here renders unnecessary a review of this determination.

The District argued, however, that Mr. Moran did not file a timely grievance and that the award to him, therefore, was improper. The grievance procedure as set forth in the agreement here provides specific time limitations governing each grievance level, and the policy behind these time limitations is expressed in Section C(1) of Article II: "Since it is important that grievances be processed as rapidly as possible, the number of days indicated at each level should be considered as a maximum and every effort should be made to expedite the process. *The time limits specified may, however, be extended by mutual agreement.*" (Emphasis added.)

The time limitations set in the initial filing of a grievance is that prescribed for "Level One," as follows: "*Within fifteen school days of the occurrence of the subject matter of a grievance,* a teacher with a grievance shall first discuss it with his principal or immediate superior, with the objective of resolving the matter informally." (Emphasis added.)

When the District raised the question of timeliness at the arbitration, the arbitrator found that: "The untimeliness claim only briefly need be considered. While *the instant grievance actually was not filed within prescribed time limits, the fact that the matter, yet, was processed through each step of the grievance procedure*—without any issue of untimeliness raised before it came to arbitration—*dictates a conclusion that this defense, effectively, had been waived by the Board.*" (Emphasis added.)

The arbitrator clearly recognized that the grievance "was not filed within the prescribed time limits" but he made no finding that a mutual agreement was made to extend the time for filing. Moreover, it is clear from the award that there was no such agreement. The arbitrator bases his ruling, however, on a concept

of "waiver" in order to hold that the processing of the grievance was justifiable.

We have examined the collective bargaining agreement carefully in an effort to determine whether or not the District *could* waive its rights to assert the untimeliness of the filing and how such waiver could occur. We find, however, no specific provision in the agreement to answer that question.

Whether or not the District could have waived the time limitations, we must restrict this decision to a holding that it did assert the timeliness claim at the arbitration, and that the arbitrator erred when he concluded that the District's conduct in processing the grievance constituted a waiver of its right to assert the timeliness of the filing. We believe that the arbitration hearing, as the first adversary proceeding, was the logical place for the District to raise the question of timeliness and we, therefore, overrule the arbitrator and dismiss the grievance as having been untimely filed.[3]

We, therefore, issue the following

## ORDER

AND Now, this 18th day of June, 1976, the award of the arbitrator, dated August 21, 1975, is hereby re-

---

[3] Appellees argue that the prior agreement expired on June 30, 1974, that the present agreement was not signed until December, 1974 and, therefore, that the grievant was without a remedy at the time of the occurrence. We have carefully studied the agreement and note that the signatures thereto are not dated and there is no provision for, or mention of, a retroactive effect. If the Association had wished to provide for this situation, it could have done so in the agreement. The arbitrator found that the grievance was not filed timely and we agree, believing that it was incumbent upon Mr. Moran to assert his rights when they arose, *i.e.*, when his application for the position was rejected. The Association cannot assert that Section VIII of the agreement operates retroactively to July 1974, but that Section II does not. Indeed, it was the Section II grievance procedures which were followed throughout in this matter.

versed and set aside and the grievance of Richard P. Moran is dismissed.

Judge KRAMER did not participate in the decision in this case.