Brownsville Area School District, Appellant *v.* Brownsville Education Association, Appellee.

Argued June 7, 1976, before President Judge BOW-MAN and Judges CRUMLISH, JR., WILKINSON, JR., MEN-

242

CER and BLATT. Judges KRAMER and ROGERS did not participate.

*A. J. Kuzdenyi,* for appellant.

*Daniel R. Delaney,* with him *Watzman, Levenson & Snyder,* P.A., for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, September 9, 1976:

This is an appeal from an arbitrator's award which sustained a grievance filed by the Brownsville Education Association (Association) against the Brownsville Area School District (School District), alleging a violation of a collective bargaining agreement (agreement). We affirm.

On February 8, 1968, prior to the agreement in question, the School District established a policy of providing additional payment to teachers for educational course credits earned beyond those required for certification. Under this policy, teachers received fifty dollars ($50.00) for each three credits earned (not to exceed $200.00) over and above the salary schedule then in effect.

Article XII, section B, subsection 3, of the agreement, effective July 1, 1971, essentially provides for

a continuation of the previous policy with respect to payment for credits, although it increases the maximum additional payment from $200.00 to $300.00. Subsection 3 also provides, in pertinent part:

"(a) The provisions of this proposal are not retroactive. No credits received before June 1, 1971, will be applicable."

Under the agreement, the School District took the position that while teachers within a step level of any particular salary grade would continue to receive additional payments under the previous policy for credits received prior to June 1, 1971, those who had reached (or who subsequently did reach) the maximum level of their grade could *not* receive additional payment for such credits. This position was apparently based on the theory that the new maximum salary schedules provided in the agreement were controlling and could only be exceeded as provided by the agreement itself; that is, by earning credits *after* June 1, 1971, as contemplated in subsection 3(a). Under the previous policy, teachers had received the additional payments regardless of whether they were at a step level or at the maximum level of their grade.

The Association filed a grievance alleging that the withholding of payments for credits earned prior to June 1, 1971, with respect to teachers at the maximum level of their grade, violated Article XXVII of the agreement, which provides in part:

"A. *Savings Clause*

Except as this Agreement shall otherwise provide, all terms and conditions of employment applicable on the signing date of this Agreement as established by the rules, regulations and/or policies of the Board in force on said date, shall continue to be so applicable during the term of this Agreement. Unless otherwise provided in this Agreement, nothing contained herein shall be interpreted and/or applied so as to

eliminate, reduce, or otherwise detract from any teacher benefit existing prior to its effective date."

The arbitrator sustained the grievance, holding that nothing in the agreement served to eliminate payments as provided under the previous policy, thus rejecting the School District's argument that subsection 3(a) expressly removed the prior benefit and, therefore, rendered the Savings Clause inapplicable.

An arbitrator's award in a labor dispute is legitimate "so long as it draws its essence from the collective bargaining agreement." *United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 597 (1960).

"In Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d 1123 (3rd Cir. 1969), the 'essence test' enunciated in United Steelworkers was explained as follows: '[A] labor arbitrator's award does "draw its essence from the collective bargaining agreement" if the interpretation can in any rational way be derived from the agreement, viewed in the light of its language, its context, and any other indicia of the parties' intention; *only where there is a manifest disregard of the agreement,* totally unsupported by principles of contract construction and the law of the shop, *may a reviewing court disturb the award.*' (p. 1128) (Emphasis added.)" *Teamsters Local 77 v. Pennsylvania Turnpike Commission,* 17 Pa. Commonwealth Ct. 238, 241-42, 331 A.2d 588, 590 (1975). *See also County of Franklin v. AFSCME,* 21 Pa. Commonwealth Ct. 379, 346 A.2d 845 (1975).

As in *Teamsters, supra,* we can find no "manifest disregard" in the decision of the arbitrator in this case. The agreement itself does not speak directly to the issue of whether or not payments under the previous policy for credits earned prior to June 1, 1971, would continue. Article XII, section B, subsection 3(a), is, at most, ambiguous and clearly does not

expressly terminate the previous policy. We cannot believe that the parties intended to eliminate a prior benefit by such a vague and oblique reference. Moreover, the agreement does not, in any way, support the School District's view that while teachers at a step level within a grade may continue to benefit from the previous policy, those at the maximum level may not. In the absence of a clear provision revoking the previous policy, we hold that the benefits flowing from that policy are preserved by the "Savings Clause" of Article XXVII.

### ORDER

Now, September 9, 1976, the award of the arbitrator is hereby affirmed.