Northern Tioga School District, Appellant *v.* Northern Tioga School Service Personnel Association, Appellee.

Argued September 13, 1976, before Judges CRUM-
LISH, JR., WILKINSON, JR., and ROGERS, sitting as a
panel of three.

*William R. Tait, Jr.,* with him *McNerney, Page,
Vanderlin & Hall,* for appellant.

*William A. Hebe,* with him *Spencer, Gleason &
Hebe; Thomas A. Walrath;* and *Walrath & Coolidge,*
for appellee.

OPINION BY JUDGE WILKINSON, October 18, 1976:
This is an appeal from the award of an arbitrator
finding that appellant had instituted a lockout and
awarded back wages to certain employes. There are
two questions posed for resolution. (1) Is our scope
of review of an arbitrator's award made pursuant to
Section 903 of the Public Employe Relations Act, Act
of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.-
903, that of the extremely narrow common law rule of
determining whether there has been fraud, corruption,

or other irregularity on the part of the arbitrator; or is it the somewhat broader "essence test" where our standard of judicial review is whether the award of the arbitrator is rationally derived from the agreement? (2) If our standard of review is the essence test, can the award in this case be justified as being in any way rationally derived from the agreement?

The first question has been repeatedly and recently answered by this Court—the essence test applies. *Brownsville Area School District v. Brownsville Education Association*, 26 Pa. Commonwealth Ct. 241, 363 A.2d 860 (1976); *County of Allegheny v. Allegheny County Prison Employes Independent Union*, 20 Pa. Commonwealth Ct. 173, 341 A.2d 578 (1975); *Teamsters Local Union No. 77 v. Pennsylvania Turnpike Commission*, 17 Pa. Commonwealth Ct. 238, 331 A.2d 588 (1975). Our Supreme Court has reserved its decision on this matter. *International Brotherhood of Firemen and Oilers, AFL-CIO Local 1201 v. School District of Philadelphia*, 465 Pa. 356, 350 A.2d 804 (1976).

The second question we answer in the negative and, therefore, reverse.

The agreement here involved provided in relevant sections:

"V. Subject to the terms of the Agreement, the Association shall not cause or permit its members to cause or let any member of the Association to take part in any interferences, including work stoppage, with the operation of any school in the Northern Tioga School District. The Board will not conduct a lockout during the term of this Agreement.

.   .   .   .

"VII(E). Should a lay-off be necessary, employes shall be laid off in reverse order of seniority within

each job classification and geographical instructional area ... within the district.

. . . .

"XIV(A). This article defines the normal hours and weeks of work and shall not be construed as a guarantee of hours of work per day or per week or days per year or weeks per year."

Appellant's teachers and other professional employes went out on strike on October 20, 1975. The students reported to school, but were sent home. The members of appellee's Association, maintenance personnel, custodians, secretaries, cafeteria personnel, monitors, teachers' aides and library aides, with a few exceptions, were told it was the last day of work for the duration of the strike. The members who continued to work were the head custodian and several secretaries.

The arbitrator held appellant's action in sending the service personnel home to be an illegal lockout rather than a legal layoff because in his own words:

"I am convinced the employer elected to lock out the majority of its employees, and, therefore, the shut-down cannot qualify as a lay-off. I reach this conclusion by the undisputed testimony that (1) some maintenance work was being performed, and (2) some clerical work was also being performed."

The fact that there was some maintenance and secretarial work to be done and that some service personnel were retained to perform it is probably not even relevant, much less controlling, on the question of whether the action constituted a layoff or a lockout. If it is relevant, it would tend to support a finding of layoff rather than lockout.

It is clear under our Pennsylvania decisions that a lockout is defined as:

"A lockout is an employer's witholding of work from his employes in order to gain a concession from them." *Kendall Refining Company v. Unemployment Compensation Board of Review*, 184 Pa. Superior Ct. 95, 100, 132 A.2d 749, 752 (1957).

Here the appellant could not obtain a concession from the personnel sent home since there was no dispute with them, much less any negotiations. What the appellant did here, sending service personnel home when teachers are on strike, was approved by our Supreme Court in *International Brotherhood of Firemen and Oilers, supra*. In that case the question was whether such a shutdown of the school system during a teachers' strike was a prohibited change in the school calendar or a prohibited layoff on the one hand, or an action entirely outside the purview of the agreement on the other. Our Supreme Court sustained the arbitrator's finding that the action was entirely outside the purview of the agreement. Here, it seems to us, our decision is much clearer, since the agreement permitted the layoffs.

Accordingly, we will enter an order vacating and setting aside the award of the arbitrator.

ORDER

Now, October 18,1976, the award of the arbitrator is vacated and set aside.