In Re: Appeal of the Commonwealth of Pennsylvania. Commonwealth of Pennsylvania, Appellant *v.* Pennsylvania Social Services Union, Appellee.

Argued September 14, 1976, before Judges CRUMLISH, JR., WILKINSON, JR., and ROGERS, sitting as a panel of three.

*John D. Thrush,* with him *Thomas H. Lane,* for appellant.

*Stephen A. Sheller,* with him *Eric B. Chaikin,* and *Pechner, Dorfman, Wolffe & Rounick,* for appellee.

Opinion by Judge Crumlish, Jr., October 27, 1976:

This is an appeal from an arbitrator's award which sustained a grievance filed by the Pennsylvania Social Services Union (Appellee) against the Commonwealth of Pennsylvania alleging a violation of the collective bargaining agreement. We affirm.

Robert K. Beckinger (Grievant), an employe of the Commonwealth, is a member of the Pennsylvania Air National Guard (Guard). As a member of the Guard, Grievant was required to take race relation courses in order to maintain his position as Social Action Officer/Race Relations Instructor. When Grievant received his orders to attend the course, he put in his request for leave of absence with pay. Appellant rejected his request, informing him that he was ineligible to receive leave with pay. Article XVI, Section 16, of the collective bargaining agreement provides:

Employes who are members of the Pennsylvania National Guard are entitled to leave with pay on all days during which they shall, as members of the National Guard, be engaged in the active service of the Commonwealth or in authorized field training, consistent with the Military Code of 1949.

Under this agreement, Appellant argued that Grievant would be entitled to pay if he was engaged in the active service of the Commonwealth or in authorized field training, however, attendance at school does not meet the criteria of the agreement. This argument is based on the concept that military

schooling can in no way be characterized as service of or to the Commonwealth.

The arbitrator sustained the grievance, holding that:

> Grievant Beckinger met each and every requirement of Article XVI, Section 2 entitling him to 'leave with pay' for the 34 days he was in the active service of the Commonwealth taking the required course in question. He was not blocked from such payment by inclusion in that Agreement provision of the reference which reads, 'consistent with the Military Code of 1949.' The placement of this phrase in this provision clearly denotes that it was intended to define what was meant by the prior phrases 'engaged in the active service of the Commonwealth or in authorized field training,' i.e., the active service or authorized field training had to be of the type that was consistent with or authorized by the Military Code of 1949. Under this provision, a Commonwealth employee who is a member of the Pennsylvania National Guard is entitled to leave with pay on all days he is engaged in active service of the Commonwealth, such service being consistent with the Military Code of 1949. Any other interpretation would be inconsistent with the clear meaning of the words appearing in Article XVI, Section 2, and would constitute an amendment or addition to the Agreement of a nature prohibited by the Agreement's 'zipper clause,' Article XLIV, Section 2.

The award of an arbitrator will be sustained "so long as it draws its essence from the collective bargaining agreement." *United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 597 1960.

As President Judge BOWMAN wrote in *Brownsville Area School District v. Brownsville Education Association,* Pa. Commonwealth Ct. , A. *sociation,* 26 Pa. Commonwealth Ct. 241, A.2d (1976):

'In Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d 1123 (3rd Cir. 1969), the "essence test" enunciated in United Steelworkers was explained as follows: "[A] labor arbitrator's award does 'draw its essence from the collective bargaining agreement' if the interpretation can in any rational way be derived from the agreement, viewed in the light of its language, its context, and any other indicia of the parties' intention; *only where there is a manifest disregard of the agreement,* totally unsupported by principles of contract construction and the law of the shop, *may a reviewing court disturb the award."* (p. 1128) (Emphasis added.)' Teamsters Local 77 v. Pennsylvania Turnpike Commission, 17 Pa. Commonwealth Ct. 238, 241-42, 331 A.2d 588, 590 (1975). See also County Ct. Franklin v. AFSCME, 21 Pa. Commonwealth Ct. 379, 346 A.2d 845 (1975).

As in Teamsters, supra, we can find no 'manifest disregard' in the decision of the arbitrator in this case.

Therefore, we must

### ORDER

AND Now, this 27th day of October, 1976, the award of the arbitrators dated December 8, 1975, is hereby affirmed.