Scranton School Board, Appellant *v.* Scranton Federation of Teachers, Local 1147, A.F.T., Appellee.

Argued September 10, 1976, before President Judge Bowman and Judges Mencer and Blatt, sitting as a panel of three.

*James A. Kelly,* with him, of counsel, *Paul T. Burke,* for appellant.

*Michael Brodie,* with him *Pechner, Dorfman, Wolffe & Rounick,* for appellee.

Opinion by President Judge Bowman, November 17, 1976:

On August 18, 1975, the Scranton School Board (Appellant) and the Scranton Federation of Teachers, Local 1147, A.F.T. (Appellee) entered into a collective bargaining agreement retroactive to September, 1974, providing, in Article 44, that those appointed to the position of "Department Head" for three consecutive years would hold their positions on a permanent basis subject only to removal for good and sufficient cause.

On December 31, 1974, appellant adopted its 1975 budget accompanied by a policy statement of the Board action affecting professional employees which eliminated the position of department head as of June 27, 1975.

Appellees filed a grievance on July 3, 1975, protesting this action. Unable to resolve the grievance, the parties, pursuant to their collective bargaining agreement, submitted their dispute to arbitration.[1]

In an award and opinion dated January 16, 1976, the arbitrator, relying upon Article 44, ruled that Appellant's attempt to abolish the position of Department Head violated the collective bargaining agreement. We agree and affirm.[2]

The Public Employe Relations Act, Act of July 23, 1970, P.L. 563, 43 P.S. §1101.101 et seq., better known as Act 195, establishes the statutory framework within which this case must be decided. Section 703, 43 P.S. §1101.703, states:

The parties to the collective bargaining process shall not effect or implement a provision in a collective bargaining agreement if the implementation of that provision would be in violation of, or inconsistent with, or in conflict with any statute or statutes enacted by the General Assembly of the Commonwealth of Pennsylvania or the provisions of municipal home rule charters.

Our Supreme Court has interpreted Section 703, 43 P.S. §1101.703, as requiring explicit, positive legislation before it will preclude collective bargaining regarding matters otherwise subject to bargaining under

[1] Two additional grievances not pertinent to this case were also submitted.

[2] Two issues, one raised by appellant questioning the timely initiation of grievance procedure by appellee, the other raised by appellee questioning appellant's right to seek judicial review of the award pursuant to Pa. R.J.A. No. 2101, we find to be without merit.

Section 701, 43 P.S. §1101.701.[3]  *Pennsylvania Labor Relations Board v. State College Area School District*, Pa.    ,    , 337 A.2d 262, 270 (1975); *see also, Milberry v. Board of Education of the School District of Philadelphia*,    Pa.    , 354 A.2d 559 (1976). Appellant has not directed us to, and we have been unable to find any such positive legislation which is violated by Article 44 of the collective bargaining agreement.

Appellant relies heavily upon Section 702, 43 P.S. §1101.702, as interpreted in *Pennsylvania Labor Relations Board v. Mars Area School District*, 21 Pa. Commonwealth Ct. 230, 344 A.2d 284 (1975), to advance the argument that the arbitration award of January 16, 1976, illegally infringed upon "inherent managerial rights." This reliance is misplaced.

Section 702, 43 P.S. §1101.702, provides in part:

> Public employers shall not be *required* to bargain over matters of inherent managerial policy, which shall include but shall not be limited to such areas of discretion or policy as the functions and programs of the public employer, standards of services, *its overall budget*, utilization of technology, *the organizational structure and selection and direction of personnel.* (Emphasis added.)

While *Mars, supra,* held that it was within a school district's inherent managerial rights to terminate the services of teacher's aides for economic reasons, it does not control this case. The crucial distinction is that the teacher's aides in *Mars, supra,* were not guar-

---

[3] "Collective bargaining is the performance of the mutual obligation of the public employer and the representative of the public employes to meet at reasonable times and confer in good faith with respect to wages, hours and other terms and conditions of employment, or the negotiation of an agreement or any question arising thereunder and the execution of a written contract incorporating any agreement reached but such obligation does not compel either party to agree to a proposal or require the making of a concession."

anteed their positions by their collective bargaining agreement. We held in *Mars, supra,* merely that the school board was not *required* to negotiate that specific point and, not having done so, retained its inherent managerial rights to act as it did.

Appellant, while not *required* according to Section 702, 43 P.S. §1101.702, to negotiate regarding matters of inherent managerial rights, chose to do so. Thus, in the absence of contrary positive legislation, appellant is bound by the terms of Article 44. *Pennsylvania Labor Relations Board v. State College Area School District, supra.*

Nor do we find that there was manifest disregard of the collective bargaining agreement on the part of the arbitrator. *Brownsville Area School District v. Brownsville Education Association,* 26 Pa. Commonwealth Ct. 241, 363 A.2d 860 (1976); *County of Franklin v. AFSCME,* 21 Pa. Commonwealth Ct. 379, 346 A.2d 845 (1975). Rather, the arbitrator applied the clear and precise language of Article 44 to the facts before him.

The award of the arbitrator must, therefore, be affirmed.