380 A.2d 353

The SCHOOL DISTRICT OF the CITY OF DUQUESNE

v.

DUQUESNE EDUCATION ASSOCIATION, Appellant,

and

Grievance of Richard P. Moran.

Supreme Court of Pennsylvania.

Argued Sept. 29, 1977.

Decided Dec. 1, 1977.

John R. DeAngelis, Pittsburgh, for appellant.

Norman M. Bartko, Duquesne, for appellee.

Before O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

This appeal arises from an order of the Commonwealth Court which reversed an arbitration award in favor of the grievant, Richard P. Moran.

Moran is a professional employee of appellee, The School District of the City of Duquesne (School District). Appellant, the Duquesne Education Association (Education Association), of which Moran is a member, is the exclusive bargaining representative for the professional employees of the School District.

On June 30, 1974, the collective bargaining agreement between the Education Association and the School District expired. In September of 1974, the teachers returned to work without a contract. The parties finally reached an agreement in early December, with both parties ratifying the agreement a short time later. The collective bargaining agreement, which was formally executed in January of 1975, was made effective retroactively to July 1, 1974.

In May of 1974, the School District, in accordance with the then existing bargaining agreement, posted notices that it was accepting applications for the position of assistant junior high basketball coach. Both Moran, a teacher with eleven years seniority and Archie Perrin, a second year teacher, applied for the job. On July 8, 1974, one week after the expiration of the collective bargaining agreement, the board of school directors named Mr. Perrin as assistant basketball coach.

Following ratification of the new agreement by both parties, Moran filed a grievance on December 11, 1974. Pursuant to the procedures called for in the agreement, the dispute eventually went to arbitration, where the arbitrator found in favor of Moran. The School District appealed to the Commonwealth Court, which on June 18, 1976, reversed the arbitrator's award and dismissed the grievance. *School District of City of Duquesne v. Duquesne Education Association,* 25 Pa.Cmwlth. 216, 359 A.2d 850 (1976). The Education Association filed a petition for allowance of appeal, which we granted on September 13, 1976.

The collective bargaining agreement provides, in relevant part:

"ARTICLE IX
"VACANCIES—PROMOTIONS—
TRANSFERS

"D. Additional Assignments

"Any assignments in addition to the normal teaching schedule during the regular school year, including adult education classes, summer school classes, and other extra duties, shall not be obligatory but shall be with the consent of the teacher. *All qualifications being equal, preference in making such assignments will be given to teachers regularly employed in the Duquesne School District according to seniority.* However, a teacher currently employed in such programs satisfactorily and desiring to continue the assignment, may not be replaced without just cause by other teachers who might

have seniority in the Duquesne School District." (Emphasis added.)

The substance of Moran's grievance was that, being equally qualified, he was entitled to the assistant basketball coach job by virtue of more seniority.

The agreement also provides for the following grievance procedure:

"*Level One—Principal or Immediate Superior*

"*Within fifteen school days of the occurrence of the subject matter of a grievance,* a teacher with a grievance shall first discuss it with his principal or immediate superior, with the objective of resolving the matter informally.

"*Level Two—Chief School Administrator*

"If an aggrieved person is not satisfied with the disposition of his grievance at Level I, he shall, within five school days of the discussion with his principal or immediate superior, submit the grievance in writing to such principal or immediate superior and the Association. Within five school days of the receipt of the written grievance the principal or immediate superior shall answer same in writing. If the grievant is not satisfied with the written answer he may then refer the grievance and answer to the Chief School Administrator within five school days of receipt thereof. The Chief School Administrator shall act upon the grievance within ten school days.

"*Level Three—Board of School Directors*

"If the grievance has not been settled at Level Two, the employe, within five (5) school days of the receipt of the Superintendent's written answer, may file his grievance with the Board of School Directors. The Board within ten (10) school days of receipt of the written grievance, shall meet with the employe, his counsel, if any, and all involved parties to consider the problem and resolve it. The Board will render a written decision within five (5) school days of the meeting.

"*Level Four—Arbitration*

"a. If the aggrieved person is not satisfied with the disposition of his grievance at Level Three, he may,

within five school days after a decision by the Board of School Directors or fifteen school days after the grievance was delivered to the Association submit the grievance to arbitration.

"b. Within ten school days after such written notice of submission to arbitration, the Board and the Association shall attempt to agree upon a mutually acceptable arbitrator to serve. If the parties are unable to agree upon an arbitrator or to obtain such a commitment within the specified period, a request for a list of arbitrators shall be made in accordance with Section 903 of Act 195.

"c. The Arbitrator so selected shall confer with the representatives of the Board and the Association and hold hearings promptly and shall issue his decision not later than twenty days from the date of the statements and proof on the issue are submitted to him. The arbitrator's decision shall be in writing and shall set forth his findings of fact, reasoning, and conclusions on the issues submitted." (Emphasis added.)

In the instant case, the school board voted to give the position to Mr. Perrin on July 8, 1974. Mr. Moran filed his grievance on December 11, 1974, a few days after the new agreement was ratified by both the Education Association and the School District. The normal grievance procedure was followed and at step three, the school board of directors found against Moran, stating that in the board's opinion, Mr. Perrin was better qualified. The School District at no time during the first three levels of the grievance procedure raised Moran's failure to file within fifteen days of the occurrence of the grievance.

Following the arbitration hearing, the arbitrator held that the School District, by failing to raise Moran's untimely filing of the grievance at the first three steps of the procedure, had waived its right to pursue this claim. The arbitrator further found that the board's determination that Mr. Perrin was more qualified was not supported by the evidence. Finding both Moran and Perrin equally qualified, the arbitrator sustained Moran's grievance on the basis of Moran's seniority.

The Commonwealth Court reversed, and in its opinion stated:

"We have examined the collective bargaining agreement carefully in an effort to determine whether or not the District *could* waive its rights to assert the untimeliness of the filing and how such waiver could occur. We find, however, no specific provision in the agreement to answer that question.

"Whether or not the District could have waived the time limitations, we must restrict this decision to a holding that it did assert the timeliness claim at the arbitration, and that the arbitrator erred when he concluded that the District's conduct in processing the grievance constituted a waiver of its right to assert the timeliness of the filing. We believe that the arbitration hearing, as the first adversary proceeding, was the logical place for the District to raise the question of timeliness and we, therefore, overrule the arbitrator and dismiss the grievance as having been untimely filed." (Emphasis in original.) *School District of the City of Duquesne v. Duquesne Education Association,* supra, 25 Pa.Cmwlth. at 220, 359 A.2d at 852.

The court, in effect, held that because the collective bargaining did not specifically provide for the procedural question involved, the arbitrator's decision on the procedural question was reversible error. We do not agree.[1]

We stated in *Kardon v. Portare,* 466 Pa. 306, 310, 353 A.2d 368, 370 (1976):

". . . [I]n *Flightways Corp. v. Keystone Helicopter Corp.,* 459 Pa. 660, 331 A.2d 184 (1975), we acknowledged that the scope of an arbitrator's jurisdiction may be limited. In the agreement before us, however, we find no such limitation on the scope of the arbitrator's jurisdiction. The agreement does not specify that the arbitrator shall have no jurisdiction over procedural matters dealing with forfeiture of benefits disputes, and we will not impose such a limitation where none exists in the agreement.

1. Judicial review of the instant arbitration award is limited to those specifically defined instances listed in the Arbitration Act of 1927. Act of April 25, 1927, P.L. 381, No. 248, §§ 10, 11, 5 P.S. §§ 170, 171.

" . . . We agree with what was said in *Wiley & Sons v. Livingston,* 376 U.S. 543, 557, 84 S.Ct. 909, 918, 11 L.Ed.2d 898, 909 (1964):

> " 'Once it is determined . . . that the parties are obligated to submit the subject matter of a dispute to arbitration, "procedural" questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator.' "

In the instant case, as in *Kardon,* we can find no limitation in the collective bargaining agreement which would prohibit an arbitrator from deciding procedural issues. As the final determination of the procedural issue is to be left to the arbitrator, we believe that Commonwealth Court erred in reversing the arbitrator.

Order of Commonwealth Court is reversed and arbitrator's award reinstated.

EAGEN, C. J., took no part in the consideration or decision of this case.