Scranton School District, Appellant *v.* Scranton Federation of Teachers, Local 1147, AFT, Appellee.

Argued April 6, 1979, before Judges WILKINSON, JR., BLATT and MACPHAIL, sitting as a panel of three.

*James A. Kelly*, District Solicitor, for appellant.

*Michael Brodie*, with him *Pechner, Dorfman, Wolffe, Rounick & Cabot*, for appellee.

OPINION BY JUDGE WILKINSON, JR., May 29, 1979:

This is an appeal from a decision of the Court of Common Pleas of Lackawanna County pursuant to

Pa. R.C.P. No. 247 affirming an arbitrator's award of backpay to certain members of the Scranton Federation of Teachers, Local 1147 (Federation). We reverse.

The Scranton School District (District) took action effective June 27, 1975, abolishing the positions of "Department Head." Believing this action to be in violation of their collective bargaining agreement and unable to amicably resolve the ensuing dispute, the Federation submitted its grievance to arbitration. The subsequent award directed the District to reinstate the department heads.[1] The District prosecuted an unsuccessful appeal to this Court in *Scranton School Board v. Scranton Federation of Teachers, Local 1147*, 27 Pa. Commonwealth Ct. 152, 365 A.2d 1339 (1976). Concurrent with the District's appeal, the Federation sought enforcement of the award by filing an unfair labor charge with the Pennsylvania Labor Relations Board (Board) pursuant to the provisions of the Public Employe Relations Act, (also known as Act 195), Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.101 *et seq.*

The Federation's complaint charged the District with violation of Section 1201 of Act 195, 43 P.S. §1101.1201 which provides:

> (a)   Public employers . . . are prohibited from:
>
> . . . .
>
> (8)   Refusing to comply with the provisions of an arbitration award deemed binding under section 903 of Article IX [43 P.S. §1101.903].

Hearing on the complaint was held December 23, 1976, slightly more than one month after this Court's affir-

---

[1] Because of the specific terms of the collective bargaining agreement the order directing reinstatement was only applicable to those persons appointed to the position of "Department Head" for three consecutive years.

mance of the arbitrator's award, at which time compliance had still not been effected although the District offered evidence that it was in the process of so doing. Before the Board, the Federation, for the first time, specifically sought payment of backpay representing an inherent pay differential accorded department heads, in addition to reinstatement.[2] Although the Board recognized that it was only authorized to require compliance with a valid arbitrator's award it went on to gratuitously suggest that, "If Complainant believes the award to be ambiguous, interpretation or supplementation of that award should be obtained from its author or authors since only they may knowledgeably resolve any ambiguity which arises subsequent to their award." However, the Federation filed another grievance complaining of the reinstatements without backpay. The Federation again invoked arbitration in which the District refused to participate on grounds no arbitrable grievance had been presented. In an award dated August 8, 1977, the arbitrator granted backpay for the formerly displaced department heads. Unwilling to comply with this second arbitration award the District filed a petition for review in common pleas court pursuant to Pa. R.C.P. No. 247. The District brought the present appeal following the lower court's affirmance of the second arbitrator's award.

In contrast to the involved factual setting presented by this case the applicable law, in light of the recent decision in *Pennsylvania Labor Relations Board v. Commonwealth*, 478 Pa. 582, 387 A.2d 475 (1978), is uncomplicated. There the Supreme Court reversed this Court's decision in *Pennsylvania Labor Relations Board v. Commonwealth*, 23 Pa. Commonwealth Ct. 49,

---

[2] The Federation sought other relief unnecessary to our discussion or decision.

350 A.2d 199 (1976) that Section 1301 of Act 195[3] conferred jurisdiction on the Board to review an arbitrator's award.

The Commonwealth Court's decision presents the aggrieved party with a choice of two courses of action. The aggrieved party may appeal the order of the arbitrator directly pursuant to the Arbitration Act, 5 P.S. §175 and Pa. R.J.A. 2101, [currently Pa. R.C.P. No. 247] or that party may decline to appeal that award, refuse to abide by its provisions, and, as was done by the Commonwealth here, treat the arbitrator's action as a nullity. Such action, of course, forces the party in whose favor the arbitrator originally ruled to seek enforcement of the award through a Section 1301 enforcement action. The *party aggrieved by the arbitrator's decision should have one route of appeal*: that provided by Pa. R.J.A. 2101.

. . . .

[W]hen the complainant in an unfair labor practice action charges a refusal '. . . to comply with the provisions of an arbitration award deemed binding under Section 903 . . . ,' the Board must determine first if an award exists, second, if the appeal procedure available to the aggrieved party under Pa. R.J.A. 2101 has been exhausted, and third, if the party has failed to comply with the provisions of the arbitrator's decision. Once the appeal procedure provided

---

[3] Section 1301, 43 P.S. §1101.1301, provides in pertinent part:

The board is empowered, as hereinafter provided, to prevent any person from engaging in any unfair practice listed in Article XII of this act. [Section 1201.] This power shall be exclusive and shall not be affected by any other means of adjustment or prevention that have been or may be established by agreement, law or otherwise.

by Pa. R.J.A. 2101 has been completed (whether by appeal to the Commonwealth Court and petition for allowance of appeal to us or by allowing the time period for appeal to expire without taking any action), the award is final and 'deemed binding' for purposes of Section 1301. (Emphasis added.)

*Pennsylvania Labor Relations Board, supra* at 587-91, 387 A.2d at 477-79.

The Board in this case, when it refused to rule on the Federation's request for backpay, apparently recognized the basic thrust of the Supreme Court's decision. In local public employment disputes, the courts of common pleas have exclusive jurisdiction to review an arbitrator's award. Pa. R.C.P. No. 247. The Federation failed to follow the appropriate appellate procedure when the first arbitration did not award backpay, *i.e.* appeal.

Accordingly, we will enter the following

ORDER

AND Now, May 29, 1979, the order of the Court of Common Pleas of Lackawanna County at No. 2058 September Term, 1977, dated June 26, 1978 dismissing the petition for review by the Scranton School District is hereby reversed and the award of arbitrator Rossman granting backpay to certain members of Scranton Federation of Teachers, Local 1147 in Case Number 14 30 0092 77R is vacated.