Scranton Federation of Teachers, Local 1147, AFT, Appellant *v.* Scranton School District, Appellee.

Argued April 5, 1979, before Judges BLATT, DI-SALLE and MACPHAIL, sitting as a panel of three.

*Michael Brodie*, with him *Pechner, Dorfman. Wolffe, Rounick & Cabot*, for appellant.

*James A. Kelly*, for appellee.

OPINION BY JUDGE BLATT, July 20, 1979:

The Scranton Federation of Teachers (Federation) appeals from an order of the Court of Common Pleas of Lackawanna County which vacated an arbitrator's award directing the Scranton School District (School District) to pay compensation to members of the Federation who were required to work in violation of their collective bargaining agreement and past practice.

During the 1974-1975 school year, while in the process of collective bargaining, the members of the Federation exercised their right to strike under the

Public Employe Relations Act (PERA).[1] The issues in dispute were eventually submitted to a board of arbitrators who awarded, *inter alia*, a 10-day extension of the school year to compensate partially for the loss of 20 days of regularly scheduled instruction time. Subseqently, on May 30, 1975, the School District circulated a staff bulletin stating that the last day of the school year would be a full workday for the teachers. Although its members complied with the directive, the Federation filed a grievance alleging a violation of their contract and past practice in that in previous years teachers had been permitted to leave in the morning on the last school day. The arbitrator ruled that the School District was indeed in violation of the contract and past practice, but he concluded that the issue as presented by the parties gave him no power to specify a remedy. He did suggest, however, that the parties attempt to negotiate a remedy for the violation. Although the parties later met to discuss the issue, the School District turned down the Federation's proposals and no agreement was ever reached. The Federation then filed another grievance seeking a remedy pursuant to the first award. A second arbitrator then awarded compensation to Federation members for the additional time spent in school on the closing day. The School District appealed this award to the court of common pleas, which vacated the award. The court reasoned that additional compensation would in effect pay teachers beyond the 10-day extension, for which they had already been paid, and therefore amounted to compensation for the earlier period during which the teachers were engaged in a strike. Such compensation is, of course, proscribed under Section 1006 of the PERA, 43 P.S. §1101.1006.

---

[1] Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.101 et seq.

Two issues are raised by this appeal: (1) did the second arbitrator have jurisdiction to grant a remedy for the violation found by the first arbitrator; and (2) did the award of compensation amount to payment for a period during which the teachers were on strike? Because it is dispositive of this case, we shall here address only the first issue.

The submission agreement presented to the first arbitrator requested him to decide whether or not requiring the teachers to work the additional hours violated the collective bargaining agreement and past practice; it did not expressly request a remedy. When the Federation later requested an award of compensation, the arbitrator declined, ruling that the submission agreement did not empower him to make such an award. Rather than appeal the refusal to award a remedy, the Federation attempted then to negotiate a remedy. When this failed, it filed another grievance which did request a remedy. We cannot sanction such a procedure.

If the Federation was aggrieved by the arbitrator's decision, it should have appealed under Pa. R.C.P. No. 247. *See Pennsylvania Labor Relations Board v. Commonwealth*, 478 Pa. 582, 387 A.2d 475 (1978); *Scranton School District v. Scranton Federation of Teachers*, 43 Pa. Commonwealth Ct. 102, 402 A.2d 1091 (1979). If the issue of a remedy was in fact not before the arbitrator,[2] and thus not appealable, it was the Federation's own fault for so limiting its grievance. In any event, the Federation cannot be permitted to prosecute a grievance piecemeal by seeking a second arbitration proceeding on an issue that should have been resolved in the first proceeding or in an appeal therefrom. We must conclude, therefore, that the

---

[2] It would appear to us, however, that the arbitrator did have the power to fashion a remedy. *See Haddon Craftsmen, Inc. v. Bookbinders Local No. 97*, 220 Pa. Superior Ct. 206, 281 A.2d 713 (1971).

award of a remedy by the second arbitrator was improper.

Accordingly, the order of the court of common pleas is affirmed.

ORDER

AND Now, this 20th day of July, 1979, the order of the Court of Common Pleas of Lackawanna County in the above-captioned matter is hereby affirmed.