York County Hospital and Home, Appellant *v.* District Council 89, American Federation of State, County and Municipal Employees, AFL-CIO Local 1485, Appellee.

Argued February 6, 1981, before Judges WILKINSON, JR., BLATT and WILLIAMS, JR., sitting as a panel of three.

*Lewis P. Sterling,* Assistant County Solicitor, for appellant.

*Theodore M. Lieverman, Kirschner, Walters & Willig,* for respondent.

OPINION BY JUDGE WILKINSON, JR., March 6, 1981:

This is an appeal from an order of the Court of Common Pleas of York County affirming an arbitrator's award directing resumption of union dues withholding by appellant York County (County). The case grows out of the asserted desire of some 35 employees at the York County Hospital and Home to terminate their membership in the appellee (Union). By an unfair labor practices charge filed with the Pennsylvania Labor Relations Board (Board) on November 8, 1978 and amended on February 8, 1979, the Union alleged that the County had violated Section 1201(a)(1), (2) and (3) of the Public Employe Relations Act (PERA), Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.1201(a)(1), (2) and (3), by aiding the employees in withdrawing their membership and dues checkoff authorization. On June 20, 1979 the Board concluded that the County had not committed an unfair labor practice in violation of Section 1201(a)(3) of PERA but that it had committed unfair labor practices in violation of Section 1201(a)(1) and (2); the

Board ordered the County to cease and desist conduct in violation of those two clauses.

On March 12, 1979 the Union filed a grievance alleging that the County had ceased to deduct union dues from the wages of the 35 employees in violation of the collective bargaining agreement. The issue was submitted to binding arbitration. The arbitrator sustained the Union's grievance as to all but two of these employees and ordered the employer to resume withholding union dues. Appeals to the court of common pleas and subsequently to this Court followed. After careful consideration of the case law and statutory authority, we affirm on the basis of the thorough and able opinion of Judge CASSIMATIS, filed in Civil Action-Law No. 79-S-3547 in the Court of Common Pleas of York County. We would make the following observations.

The County's contention that the Union grievance was not timely filed is a matter whose final determination is left to the arbitrator and not to the courts. *School District of City of Duquesne v. Duquesne Education Association*, 475 Pa. 279, 380 A.2d 353 (1977).

The County also argues that the Board had exclusive jurisdiction to hear all aspects of the dispute and that by failing to proceed before the Board on the issue of dues withholdings the Union could not pursue a grievance raising the issue. *Hollinger v. Department of Public Welfare*, 469 Pa. 358, 365 A.2d 1245 (1976), is greatly relied upon by the County. In *Hollinger* public employees brought a suit in equity against their employers and collective bargaining representatives to enjoin payroll deductions for union dues and to recover the amount of dues already deducted. Our Supreme Court held that the action was initiated for the purpose of enjoining an arguably unfair labor practice and that jurisdiction lay with the Board. The Court went on to say that in *Philadelphia Federation*

*of Teachers v. Board of Education,* 458 Pa. 342, 327 A.2d 47 (1974) it had held

> that the common pleas court had been correct in concluding that it had jurisdiction in equity in a suit brought by a union to compel specific performance of a dues deduction clause in a collective bargaining agreement. That case was thus a suit to enforce a contract, not one to abate an unfair labor practice. . . .

*Hollinger v. Department of Public Welfare, supra* at 367, 365 A.2d at 1250.

We agree with the court of common pleas that the Union could pursue a grievance to compel performance of the collective bargaining agreement in addition to its unfair labor practices charge. *Cf. Jones Appeal,* 30 Pa. Commonwealth Ct. 549, 375 A.2d 1341 (1977). *Scranton Federation of Teachers v. Scranton School District,* 44 Pa. Commonwealth Ct. 363, 403 A.2d 1355 (1979), is inapposite.

The County's third argument, that the employees were deprived their due process rights when the arbitrator ordered resumption of dues deductions, was not raised below and will not be considered by this Court. *Miller & Son Paving, Inc. v. Wrightstown Township,* 45 Pa. Commonwealth Ct. 34, 405 A.2d 568 (1979); Pa. R.AP. 302(a).

Finally, we refuse the Union's motion that we award it costs, damages and attorney fees under Pa. R.A.P. 2744 and 2751 on the ground that the County's appeal was frivolous. It was not.

Accordingly, we will enter the following

### ORDER

AND Now, March 6, 1981, the order of the Court of Common Pleas of York County, docketed to Civil Action-Law No. 79-S-3547, dated May 15, 1980, is hereby affirmed.