# Borough of Dunmore v. Dunmore Police Department

*Lawrence Durkin,* for appellant.
*Robert Sayers,* for appellees.

WALSH, *J.*, March 17, 1982 — This case is before the court on an appeal from an arbitrator's award dated December 23, 1980, which sustained a grievance brought by the Dunmore Police Department against the Borough of Dunmore.

The nature of the grievance was that the Mayor of Dunmore had changed the conditions of employment for borough policemen contrary to a collectively bargained for agreement which was in effect at that time.

53 Pa.C.S.A. §46121 supplies the basis for the Borough's argument, and is repeated here in relevant part:

". . . The mayor of the borough shall have full charged and control of the chief of police and the police force, and he shall direct the time during which, the place where and the manner in which,

the chief of police and the police force shall perform their duties, except that council shall fix and determine the total weekly hours of employment that shall apply to the policemen."

Counsel for the Borough argues that regulation of the police work schedule is an inherent managerial right, and cannot be negotiated away. Although it may be true the Borough would not be required to negotiate regarding such a matter, nevertheless, if the Borough chooses to negotiate, then they are bound under the contract. Scranton School Board v. Scranton Federation of Teachers, Local 1147 A.F.T., 27 Pa. Commw. 152, 365 A.2d 1339 (1976); City of Scranton v. Firefighters Local Union No. 669, 83 Lack. Jur. 25, 29-30 (1981). This court finds that the Borough Council did in fact negotiate the work schedule in Article IX of the 1977 collective bargaining agreement which provided that "the work week shall remain as presently scheduled."

In any event, once the existence of an agreement is established, an arbitrator's award interpreting or applying the terms of a collective bargaining agreement is to be respected by the judiciary if the interpretation can in any rational way be derived from the agreement, viewed in light of its language, its context, and any other indicia of the parties' intention. . ." Community College of Beaver County v. Community College, Society of the Faculty, 473 Pa. 576, 375 A.2d 1267 (1979), quoting Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d 1123, 1128 (3rd Cir. 1969). The rule in Pennsylvania is, in a nutshell, "the arbitrator's interpretation of the contract must be upheld if it is a reasonable one. International Brotherhood of Firemen and Oilers, AFL-CIO Local 120 v. School District of Philadelphia, 465 Pa. 356, 350 A.2d 804 (1976).

When an arbitrator's award draws its essence from a collectively bargained agreement and is not contrary to the law, that award ought not to be overruled by the courts. This court is unable to find such error on the part of the arbitrator.

Counsel for the borough also points to another collective bargaining agreement executed by the mayor and council on August 19, 1980, and accepted by the Police Association on May 28, 1981. Article III of that agreement reads:

"III CONTINUATION OF PRIOR TERMS AND CONDITIONS.

(a) All terms, *conditions of employment* and benefits *enjoyed by the parties as a result of prior collective bargaining agreements* and arbitration awards, not specifically changed herein, remain in effect for the term of this Agreement."

In short, this does not alter the finding that the actual work schedule for policemen as it existed under Article IX of the 1977 collective bargaining agreement is the work schedule which the arbitrator found to be bargained for.

Finally, since the scope of our review is so narrowly limited to whether the arbitrator's decisions draws its essence from the collectively bargained agreement and whether that decision is contrary to law, this court must dismiss the borough's appeal and uphold the arbitrator's decision.

## ORDER

And now, this March 17, 1982, the appeal and application for review from the award of the arbitrator pursuant to 42 Pa.C.S.A. §933 (a) and (b) is hereby dismissed.