Pittston Area School District, Appellant *v.* Pittston Area Federation of Teachers, Local 1590, Appellee.

Argued December 16, 1982, before Judges BLATT, CRAIG and DOYLE, sitting as a panel of three.

*Joseph J. Musto, Griffith, Aponick & Musto,* for appellant.

*Robert D. Mariani, Mariani and Greco,* for appellee.

OPINION BY JUDGE BLATT, March 8, 1983:

The appellant, the Pittston Area School District (District) appeals an order of the Court of Common Pleas of Luzerne County which upheld an arbitrator's award in favor of the appellee, the Pittston Area Federation of Teachers, Local 1590 (Union).

The dispute concerns a grievance filed by the Union which raised the issue of whether or not teachers, who engage in extra-curricular sports-related school activities (serving as scorekeeper, timekeeper, announcer, statistician, cameraman, and/or ticket collector) are entitled to be paid for such services at the rate set forth in the collective bargaining agreement (Agreement) in effect between the parties. After a hearing, the arbitrator sustained the grievance and held that:

> 1. The matter is both substantively and procedurally arbitrable.
>
> 2. The Board violated Articles XVIII and XLVI. During the life of the current agreement, the Board must accord members of the Bargaining Unit the first opportunity to staff the positions in question, and when so staffed, the teachers who take those positions must be paid at the rate established in Article XLVI (Extra-Curricular Compensation) of the Contract.

The court of common pleas affirmed the award and the instant appeal followed.

Our scope of review here is limited to a determination of whether or not the arbitrator's interpretation of the Agreement can in any rational way be derived from the Agreement, viewed in light of its language, its context and any other indications of the parties' intent. *Community College of Beaver County v. Society of the Faculty*, 473 Pa. 576, 375 A.2d 1267 (1977). Consequently, "[o]ur inquiry ends once it is

determined that the issue properly defined is within the terms of the agreement." *Leechburg Area School District v. Dale,* 492 Pa. 515, 521, 424 A.2d 1309, 1313 (1981) (the "essence test").

The District argues that the arbitrator's award should not have been sustained because the aforementioned grievance was filed after the 15-day time limit set forth in the Agreement. However, where as here, there is no limitation in the Agreement prohibiting an arbitrator from deciding procedural issues, our Supreme Court has refused to upset an arbitrator's resolution of such issues even where such resolution involves an arbitrator's finding that a grievance filed *after* the time limitation stated in the Agreement is nevertheless arbitrable. *School District of the City of Duquesne v. Duquesne Education Association,* 475 Pa. 279, 380 A.2d 353 (1977) ; *see also Kardon v. Portare,* 466 Pa. 306, 353 A.2d 368 (1976) ; *York County Hospital & Home v. District Council 89, AFSCME Local 1485,* 57 Pa. Commonwealth Ct. 336, 426 A.2d 1224 (1981).

The District also argues that the arbitrator's award, under the "essence test," was not rationally derived from the Agreement. It is clear, however, that the award was founded upon the arbitrator's interpretation of two specific sections of the Agreement; namely, Article XVIII ("Extra-Curricular Appointments") and Article XLVI ("Extra-Curricular Compensation"), and, therefore, that he rationally drew his award from the "essence of the agreement".

We will, therefore, affirm the order of the trial court.

## ORDER

AND Now, this 8th day of March, 1983, the order of the Court of Common Pleas of Luzerne County in the above-captioned matter is hereby affirmed.