Sheila Stein, Appellant *v.* The Philadelphia Federation of Teachers Local 3 AFT, AFL-CIO et al., Appellees.

Argued December 16, 1982, before Judges ROGERS, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*Deborah R. Willig, Kirschner, Walters, Willig, Weinberg & Dempsey,* with her *Burton Stein,* for appellant.

*James J. Binns,* with him *Hope C. Lefeber, James J. Binns, P.A.,* for appellees.

Opinion by Judge Williams, Jr., August 17, 1983:

Appellant, Sheila Stein, appeals from an order of the Court of Common Pleas of Philadelphia County which affirmed an arbitrator's award in favor of the appellees, the Philadelphia Federation of Teachers ("Union") and School District of Philadelphia ("District"). We affirm.

The controversy involves the determination of appellant's seniority date as established through application and interpretation of pertinent transfer and seniority provisions set forth in Articles T-VIII ("Transfer Policy") and T-IX ("Seniority") of the collective bargaining agreement (Agreement) entered into between appellees. Appellant, a social studies teacher, and Union member, began teaching in the District at Germantown High School on January 3, 1967, until her transfer to George Washington High School on September 1, 1973. Appellant's transfer from Germantown High School, the voluntariness of which is in dispute, occurred because of a student's repeated threats to appellant's well-being and the deleterious effects of such threats on appellant's health.

After a number of subsequent involuntary transfers, none of which is pertinent to the instant appeal, appellant returned to George Washington High School on February 1, 1979. In May 1979, upon the posting of a list denominating the school seniority dates[1] of

---

[1] Article T-IX, entitled "Seniority," of the Agreement provides in pertinent part:

1a. School Seniority shall be the continuous length of service as an appointed teacher in the present school except that length of service as an appointed teacher in a previous school shall be included under the following circumstances:

1a(i). If he is involuntarily transferred to his present school by the Board.

social studies teachers at George Washington High School, several social study teachers filed a grievance challenging appellant's school seniority date of January 3, 1967, and contending that appellant's school seniority commenced on September 1, 1973. After the District's hearing officer at the second step of the grievance procedure ruled that appellant's school seniority date was September 1, 1973, and not January 3, 1967, appellant sought an arbitral determination of the propriety of the hearing officer's ruling.

Utilizing the transfer and seniority provisions of the Agreement, Articles T-VIII and T-IX, repectively, and after two days of hearings (during which appellant was represented by independent counsel of her own choice), the arbitrator decided, on September 8, 1981, that appellant's transfer to George Washington High School in 1973 was voluntary rather than involuntary or forced; thus, appellant's school seniority date was determined to be September 1, 1973.[2] From the common pleas court order dismissing appellant's petition for review and affirming the arbitrator's award, an appeal was taken to this Court.

Our extremely circumscribed scope of review is limited to determining whether the arbitrator's decision can in any rational way be derived from the collective bargaining agreement, viewed in light of its

---

[2] By the terms of the Agreement, a teacher subject to a forced or involuntary transfer retains seniority. Article T-IX, ia(i). *See,* n.1. Therefore, had appellant's transfer from Germantown High School to George Washington High School in 1973 been deemed involuntary, she would have retained all of her seniority from Germantown High School and her school seniority date would have then been January 3, 1967.

Conversely, a teacher who voluntarily transfers to a new school loses all school seniority theretofore accumulated at the abandoned school. *Id.* Thus if appellant's 1973 transfer was deemed voluntary, the correct school seniority date would then be September 1, 1973.

language, its context and any other indication of the parties' intent. *Pittston Area School District v. Pittston Area Federation of Teachers, Local 1590,* 72 Pa. Commonwealth Ct. 437, 456 A.2d 1148 (1983). Thus, if the terms of a collective bargaining agreement encompass the subject matter of the dispute, or, stated differently, if the issue properly defined is within the terms of the agreement, this Court's inquiry ends. *Leechburg Area School District v. Dale,* 492 Pa. 515, 424 A.2d 1309 (1981). The correctness of the arbitrator's decision is not a matter of concern to this Court.[3] *Id.*

The instant arbitration award is certainly within the essence, or can be rationally derived from, the Agreement. As stated in appellant's brief, the sole issue before the arbitrator was the validity of the District's calculation of appellant's school seniority date. Such issue is clearly encompassed by the transfer and seniority provision of the Agreement, Article T-VIII and Article T-IX, respectively. *See Pittston Area School District.*

Generally alleging that the grievance-arbitration procedures violated principles of due process and fundamental fairness, appellant therefore urges this Court to vacate the arbitrator's award. A review of the record reveals not only an absence of actual bias on the part of the arbitrator, but that appellant, subsequent to the Step Two grievance hearing has been represented by aggressive and independent counsel throughout each stage of the proceedings. Further,

---

[3] In *Leechburg Area School District,* our Supreme Court stated: The fact that [an] arbitrator in analyzing [a] dispute may have failed to properly perceive the question presented or erroneously resolved it, does not provide justification for judicial interference.
*Id.* at 521, 424 A.2d at 1313.

although appellant did challenge below the Union's unilateral selection of the arbitrator, appellant neither objected to nor requested the recusal of the arbitrator. Finally, appellant's contention that the arbitration award should be vacated because it is contrary to public policy is devoid of merit.

We therefore affirm the order of the trial court.

### ORDER

AND Now, this 17th day of August, 1983, the order of the Court of Common Pleas of Philadelphia County, dated December 28, 1981, is hereby affirmed.